**FEDERAL DEPOSIT INSURANCE CORPORATION, a corporation in its corporate capacity in liquidation of Commercial State Bank, Afton, Iowa, Plaintiff,**

v.

**Michael J. KELLY, Nancy L. Kelly, Dwight A. Ingram, Darrell S. Werner, Steven D. Werner, C. Frederick Booth, Robert M. Crandall and Allan L. Kirkhart, Defendants.**

**Civ. No. 87–679–A.**

United States District Court,
S.D. Iowa, C.D.

March 31, 1988.

A.T. Dill III, FDIC Legal Div., Washington, D.C., Thaddeus G. Fenton, FDIC Legal Div., West Des Moines, Iowa, and Robert V. Ginn and MaryBeth Frankman, Omaha, Neb., for plaintiff.

Ralph R. Brown of McDonald, Brown & Kimple, Dallas Center, Iowa, for C. Frederick Booth, Robert M. Crandall and Allan L. Kirkhart.

John R. Mackaman and Bruce J. Toenjes of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, Iowa, for Darrell S. Werner and Steven D. Werner.

WOLLE, District Judge.

The Federal Deposit Insurance Corporation (FDIC) filed this action against former directors and officers of the Commercial State Bank of Afton (Bank), a failed Iowa-chartered bank taken over by the FDIC in 1985. Defendants Darrell S. Werner, Steven D. Werner, C. Frederick Booth, Robert M. Crandall, and Allan L. Kirkhart by motions to dismiss contend this court is without jurisdiction. They argue that the jurisdictional statute on which the FDIC relies, 12 United States Code section 1819 (Fourth), excepts from federal jurisdiction certain actions brought by the FDIC as a receiver, and this is such an action. The court concludes it has jurisdiction because the FDIC is here acting in its corporate capacity, not as receiver of the Bank. The defendants' motions to dismiss are denied.

On March 8, 1985, the Superintendent of Banking for the State of Iowa determined that the Bank was insolvent. The Superintendent closed and took possession of the Bank, then obtained in the Iowa District Court for Union County an order appointing the FDIC receiver of the Bank. The FDIC, in its corporate capacity, purchased certain assets of the failed Bank from the FDIC as receiver, paying $10,017,300 for those assets; the FDIC as receiver then consummated a "purchase and assumption transaction" through which it sold some of the assets to a successor bank that agreed to assume the failed Bank's deposit liabilities.

A purchase and assumption transaction is one method the FDIC employs to protect depositors of an insolvent bank. The successor bank purchases from the FDIC as receiver assets believed to be of the highest banking quality while assuming depositor liabilities of the failed bank. The FDIC, in its corporate capacity, purchases from itself as receiver any loans of relatively poor quality and causes of action which it may in its corporate capacity wish to pursue. *See* 12 U.S.C. § 1823(f) (statutory authority and procedures for purchase and assumption transactions); *FDIC v. La Rambla Shopping Center, Inc.*, 791 F.2d 215, 218 (1st Cir.1986) (explaining "virtues" of purchase and assumption transaction that make it "preferred" FDIC arrangement). By the very nature of this statutory technique for winding up the affairs of failed banks, the FDIC acts in two capacities simultaneously: as receiver of a bank and in its corporate capacity as an insurance corporation.

█ It is against this backdrop that section 1819 (Fourth) of the Act delineates when the FDIC may bring action in federal court. The statute initially empowers the FDIC to "sue and be sued, complain and defend, in any court of law or equity, State or Federal" and declares that all civil actions in which the FDIC is a party are "deemed to arise under the laws of the United States." A proviso to that section, however, excepts from federal jurisdiction any such

> suit to which the [FDIC] is a party in its capacity as a receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders and any such State bank under State law....

When the FDIC, acting as receiver, commences an action of the type described in this proviso, the action cannot be prosecuted in federal court. *See, e.g., FDIC v. Elefant*, 790 F.2d 661, 666 (7th Cir.1986); *FDIC v. Sumner Fin. Corp.*, 602 F.2d 670, 678–79 (5th Cir.1979); *FDIC v. National*

*Sur. Corp.,* 345 F.Supp. 885, 888 (S.D.Iowa 1972).

■ Defendants contend this case falls within the language of the proviso, because the FDIC had the opportunity and right to file suit against the defendants without transferring the cause of action to itself in its corporate capacity. But the FDIC's short and simple answer is that the pertinent federal statutes gave the FDIC the option to purchase the cause of action in its corporate capacity and bring the action in federal court. Section 1823(f) and section 1819 (Fourth), read together, allow the FDIC in its corporate capacity to bring a purchase and assumption transaction to fruition with federal court litigation on claims it holds, even though this is accomplished by the FDIC purchasing certain assets from itself as receiver.

Several decisions of federal courts of appeal have upheld jurisdiction of the district court under similar circumstances. *See FDIC v. La Rambla,* 791 F.2d at 218; *FDIC v. Ashley,* 585 F.2d 157, 163–64 (6th Cir.1978); *FDIC v. Godshall,* 558 F.2d 220, 223 (4th Cir.1977). In *FDIC v. de Jesus Velez,* 678 F.2d 371 (1st Cir.1982), the court rejected a contention, similar to the defendants' argument here, that an intra-FDIC transfer of assets was nothing more than a sham transfer.

> The statute expressly creates separate receiver and corporate/purchaser functions for the FDIC. ... It seems apparent that the FDIC must be permitted to operate in a dual capacity simultaneously, as a receiver and an insurer, to carry out its functions as a receiver, liquidator, and insurer.

*Id.* at 374.

The FDIC has plainly demonstrated that this court has jurisdiction of this civil action which it has brought in its corporate capacity. Jurisdiction is based on 12 United States Code section 1819 (Fourth).

Defendants' motions to dismiss for lack of jurisdiction are denied.