MADISON BANK, et al., Plaintiffs,

v.

Donald E. SIMPSON, Defendant and
Third–Party Plaintiff,

v.

Loren SCHNEIDER, et al.,
Third–Party Defendants.

No. N88–0090C.

United States District Court,
E.D. Missouri, N.D.

Nov. 1, 1988.

Gary Wallace, Bollow, Wallace and
McConnell, Shelbina, Mo., for Madison
Bank.

Charles E. Rendlen, III, Rendlen, Ahrens
and Rendlen, P.C., Hannibal, Mo., Morris J.
Nunn, Patrick F. Bottaro, Morrison, Heck-
er, Curtis, Kuder and Parrish, Kansas City,
Mo., for Federal Deposit Ins. Corp.

Marion F. Wasinger, Wasinger, Parham and Morthland, Hannibal, Mo., for Simpson.

John J. Williams, III, Slagle and Bernard, Kansas City, Mo., for Schneider.

Jack T. Bangert, Sherman, Wickens, Lysaught & Speck, Kansas City, Mo., William R. Bay, Thompson and Mitchell, St. Louis, Mo., for Ingle.

Ron Findley, St. Joseph, Mo., G. Carrol Stribling, Jr., Fordyce and Mayne, St. Louis, Mo., for Karn.

Rex V. Gump, Hulen, Hulen, Tatlow and Gump, Moberly, Mo., Charles L. Hickman, Ely, Cary, Welch and Hickman, Hannibal, Mo., for Hulett and Anderson.

Thomas J. Conway, Popham, Conway, Sweeny, Fremont and Bundschu, Kansas City, Mo., for Manring.

Peter E. Strand, Shook, Hardy and Bacon, Mark Moedritzer, Kansas City, Mo., for Maudlin.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court upon several motions. Defendant third-party plaintiff Simpson has filed a motion to remand this action to state court. Simpson has also filed a motion to stay or set aside the state court order to make his third-party petition more definite. In addition, Simpson has filed objections and alternative motion to stay ruling of motion of plaintiff Federal Deposit Insurance Corporation for leave to file its first amended complaint. Third-party defendant Karn has filed a motion to dismiss and strike portions of the complaint against him. Finally, third-party defendant FDIC, as receiver for Farmers & Merchants Bank of Huntsville has filed a motion for leave to file its first amended answer.

This action was originally filed by the plaintiff Madison Bank on August 27, 1985 in the Circuit Court of Monroe County. Plaintiff was seeking to enforce five promissory notes and security agreements executed by defendant Simpson. Following an application for change of judge and venue, the action was transferred to the Circuit Court of Ralls County.

On or about May 27, 1987, defendant Simpson filed a counterclaim and third-party petition against the plaintiff, ten named defendants and several unnamed defendants. The eight-count petition alleged fraud, negligent misrepresentation, breach of fiduciary duty, breach of contract or promissory estoppel, conversion, defamation, prima facie tort and slanderous and fraudulent foreclosure. (The amended counterclaim and third-party complaint omits Count 8).

One of the counterclaim defendants, the First National Bank of St. Joseph ("First National") had been declared insolvent on October 11, 1985. Pursuant to 12 U.S.C. §§ 191 and 1821(c), the Office of the Comptroller of the Currency terminated the bank's powers and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. First National had participated in four of the five loans to defendant Simpson; however, it had not joined in the original action against Simpson.

After Simpson filed his third-party petition, the FDIC timely removed the action to federal court. *See* 12 U.S.C. § 1819 (fourth). The FDIC subsequently filed a motion to dismiss the claim against it based upon improper venue. *See* 12 U.S.C. § 94. This Court granted the FDIC's motion to dismiss and remanded the action to state court. *Madison Bank v. Simpson*, No. N87–0099C (E.D.Mo., Jan. 12, 1988).

### A. *Motion to Remand*

Before addressing Simpson's motion to remand, it will be necessary to outline briefly how this action happens to be back in federal court.

As previously noted, First National had participated in four of the five loans to Simpson which are at issue in this action. On October 11, 1985, when First National was declared insolvent, FDIC receiver took control of the participation interests. On the same day, FDIC receiver transferred the participation interests to the FDIC in its corporate capacity. This transfer was clearly authorized by 12 U.S.C. § 1823, and

the transaction was approved by the United States District Court for the Western District of Missouri.

Plaintiff Madison Bank was the lead bank in making the loans to Simpson.. On May 8, 1988, Madison Bank transferred to the FDIC in its corporate capacity, all of its interest in the four loans participated in by First National. Thereafter, FDIC owned not only the right to any proceeds collected on the notes, but also the notes.

Following the assignment of the notes, the FDIC filed a motion in the state court to be substituted or joined as a party plaintiff. The motion was granted on May 31, 1988, and the FDIC removed the action to this Court on June 15, 1988. In removing, the FDIC relied upon the grant of federal jurisdiction in 12 U.S.C. § 1819 (fourth). That statute provides that "[a]ll suits of a civil nature ... to which the Corporation [FDIC] shall be a party shall be deemed to arise under the laws of the United States ... and the Corporation may ... remove any such action, suit, or proceeding from a state court to the United States district court ... embracing the place where the same is pending."

Defendant Simpson makes several arguments in support of his motion to remand. He first argues that the state court erred in permitting the joinder of the FDIC as a plaintiff because Madison Bank's assignment of its interest in the four notes to the FDIC was improper. Simpson contends that the FDIC is authorized only to acquire the assets of an insured bank which is insolvent or in danger of closing. *See, e.g.,* 12 U.S.C. § 1823(c). Defendant's argument is without merit.

■ The transfer of the participation interests by the FDIC to the FDIC in its corporate capacity was a proper exercise of authority pursuant to 12 U.S.C. § 1823. At that point the FDIC in its corporate capacity had purchased a valuable asset and it had the right and obligation to protect its interest in that asset. The FDIC may "exercise ... all powers specifically granted ... and such incidental powers as shall be necessary to carry out the powers so granted." 12 U.S.C. § 1819 (seventh). The

transfer and receipt by the FDIC of the legal title of the four notes by the FDIC was a proper exercise of the FDIC's power. *See Chatham Ventures, Inc. v. Federal Deposit Insurance Corp.,* 651 F.2d 355, 358–59 (5th Cir.1981); *Federal Deposit Insurance Corp. v. Kelly,* 682 F.Supp. 427 (S.D.Ia.1988); *McVay v. Western Plains Service Corp.,* 823 F.2d 1395 (10th Cir. 1987). The state court did not err in permitting the FDIC to join with plaintiff Madison Bank in their efforts to collect on the promissory notes.

■ Simpson's remaining arguments in support of his motion to remand are also without merit. He argues that pursuant to 28 U.S.C. § 1446, only defendants are permitted to remove an action. However, with one exception which is not applicable here, 12 U.S.C. § 1819 (fourth) permits the FDIC to remove an action to federal court whenever the Corporation is a *party* to an action. The fact that the FDIC is aligned as a plaintiff in this action does not prevent it from properly removing the action. *E.g., In Re Franklin National Bank Securities Litigation,* 532 F.2d 842, 846 (2nd Cir. 1976); *FDIC v. Crowe,* 652 F.Supp. 740, 741 (N.D.Tex.1984).

■ Simpson argues that the removal was untimely. He contends that the thirty-day period for filing began to run when Madison Bank assigned the notes to the FDIC, or at the latest, when the FDIC filed its motion to join on March 28, 1988. It is clear that the FDIC in its corporate capacity was not a "party" and was not entitled to remove the action until it was formally joined as a party plaintiff by the state court on May 31, 1988. *See* Mo.R.Civ.P. 52.13(c). The removal petition was timely filed.

■ Simpson also argues that the FDIC waived its right to remove by filing its motion for joinder and appearing for the hearing in the state court. This is clearly incorrect. As noted above the FDIC could not have removed the action until it had formally become a party to the state court action. The FDIC's conduct in the state court was not inconsistent with the intent

to remove. *See, e.g., Genie Machine Products, Inc. v. Midwestern Machinery Co.,* 367 F.Supp. 897, 899 (W.D.Mo.1974).

■ Nor is the FDIC estopped from removing the action because of its earlier conduct in removing the action and obtaining a dismissal based on improper venue. In the previous proceedings before this Court, the FDIC was acting in its capacity as receiver for First National Bank.

Accordingly, Simpson's motion to remand will be denied. His request for costs and attorneys' fees incurred in presenting the motion will also be denied.

### B. *State Court Order for a More Definite Statement*

On May 31, 1988, the state court granted the motions of third-party defendants Karn and Ingle for a more definite statement. Defendant Simpson was ordered to file an amended third-party petition within 50 days. After the FDIC removed the action, Simpson filed a motion to set aside, reconsider or stay the state court order.

In light of Simpson's subsequent filing of his first amended counterclaim and third-party complaint, this motion will be denied as moot.

### C. *Opposition to FDIC's Filing of Amended Complaint*

On July 11, 1988, plaintiff FDIC in its corporate capacity filed a motion for leave to file its first amended complaint. The FDIC was granted leave to file on the same date.

Accordingly, the objections and alternative motion of defendant Simpson to stay its ruling on the FDIC's motion will be denied as moot.

### D. *Karn's Motion to Dismiss and Strike*

Counterclaim defendant Karn has filed a Rule 12(b)(6) motion to dismiss Count 1, asserting that Simpson's amended complaint does not adequately state a claim for fraud. He further argues that Counts 2 through 7 should be dismissed because they are based upon the inadequate allegations contained in Count 1.

Rule 9(b), Fed.R.Civ.P., requires that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." The term "circumstances" has been held to "include such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given thereby." *St. Louis Home Insulators, Inc. v. Burroughs Corp.,* 597 F.Supp. 100, 101 (E.D.Mo.1984) (quoting *Bennett v. Berg,* 685 F.2d 1053, 1062 (8th Cir.1982)).

In order to state a claim for fraud in Missouri, a plaintiff must plead the following elements: "a representation, its falsity, its materiality, speaker's knowledge of the falsity, his intent that his statement should be acted upon by the other party and in the manner contemplated, that party's ignorance of the falsity, his reliance on its truth, his right to rely thereon, and his consequent injury." *E.g., Green v. Green,* 606 S.W.2d 395, 397–98 (Mo.Ct.App.1980) (citation omitted).

This Court has reviewed Simpson's amended complaint and is of the opinion that he has sufficiently stated the circumstances of the alleged fraud to withstand the motion to dismiss. Counts 2 through 7 adequately meet the notice pleading requirements of Rule 8(a). Accordingly, Karn's motion to dismiss will be denied.

Karn has also filed a motion to strike portions of the third-party complaint pursuant to Rule 12(f). Rule 12(f) permits the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

■ Specifically, Karn refers to the allegations concerning the third-party defendants' "intentional and reckless disregard of their duties to [the] bank," and to the allegation that in forcing the liquidation of Simpson's business, they were acting with the "self-serving purpose to salvage a faltering series of banks that had been obtained by similar machinations." Karn asserts that these statements injure and ma-

lign him and that they should be stricken as scandalous.

This Court believes that the statements at issue are relevant to the action and to the claims for punitive damages. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1382 (1969). Accordingly, Karn's motion to strike will be denied.

### E. *Motion for Leave to file Amended Answer*

The FDIC, as receiver for Farmers and Merchant's Bank of Huntsville has filed a motion for leave to file its first amended answer. The FDIC has moved to correct certain irregularities and make several substantive changes. No opposition to the motion has been filed.

Rule 15(a), Fed.R.Civ.P. provides that leave to amend "shall be freely given when justice so requires." FDIC's motion to file its first amended answer will be granted.

### ORDER

Pursuant to the memorandum filed herein on this date,

**IT IS HEREBY ORDERED** that the motion of defendant Simpson to remand this action to state court is denied.

**IT IS FURTHER ORDERED** that the motion of defendant Simpson to stay or set aside the state court order to make his third-party petition more definite is denied as moot.

**IT IS FURTHER ORDERED** that the motion of defendant Simpson for this Court to stay its ruling on plaintiff FDIC's motion for leave to file an amended complaint is denied as moot.

**IT IS FURTHER ORDERED** that the motion of third-party defendant Karn to dismiss and strike portions of the complaint is denied.

**IT IS FURTHER ORDERED** that the motion of third-party defendant FDIC, as receiver for Farmers and Merchants Bank of Huntsville for leave to file its first amended answer is granted.

**IT IS FURTHER ORDERED** that the motion of Morris J. Nunn for admission to practice before this Court pro hac vice be and is granted.

**IT IS FURTHER ORDERED** that the motion of G. Carroll Stribling, Jr. to withdraw as counsel for third-party defendant Farmers and Merchants Bank of Huntsville be and is granted.