**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Vanguard Savings Bank, Plaintiff,**

v.

**Paul F. KEATING, et al., Defendants.**

No. 92–11969–T.

United States District Court,
D. Massachusetts.

Jan. 26, 1993.

Martine B. Reed, Cooley, Shrair, Alpert, Labovitz & Dambrov, Springfield, MA, for plaintiff.

Philip D. Moran, Salem, MA, for defendants.

## MEMORANDUM

TAURO, Chief Judge.

The Federal Deposit Insurance Corporation ("FDIC"), cast in the role of plaintiff, seeks to remove this action in which its predecessor in interest has already obtained a favorable judgment in state court. At issue is whether it may do so, given the procedural history of this case.

## I.

## PROCEDURAL HISTORY

In February of 1990, Vanguard Savings Bank ("Bank") sued defendants on a promissory note in the Massachusetts Superior Court. Defendants filed a counterclaim sounding in lender liability. The case was tried without a jury on September 25, 1991. On November 18, 1991, judgment was entered for the Bank in the amount of $156,-761.14. Defendants' counterclaim was dismissed. Defendants filed a timely notice of appeal on December 11, 1991.[1]

■ On March 27, 1992, the Commissioner of Banks for the Commonwealth of Massachusetts declared the Bank insolvent. Shortly thereafter, the FDIC was confirmed as the Bank's Liquidating Agent. The FDIC's motion to substitute the Bank as the plaintiff in this action was allowed by the state court on May 13, 1992. Eighty-nine days later, on August 10, 1992, the FDIC filed a petition for removal to this court pursuant to § 209 of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101-73, 103 Stat. 183, 216 (codified as amended at 12 U.S.C. § 1819(b)(2)(B)), and 28 U.S.C. § 1446.[2]

## II.

## SUBSTANTIVE ANALYSIS

■ Standing alone, the entry of judgment by a state trial court does not foreclose the possibility of removal by the FDIC. FIRREA provides that in the event of any appealable judgment, the FDIC as conservator or receiver shall "have all the rights and remedies available to ... the [FDIC] in its corporate capacity, *including removal to Federal court* and all appellate rights." 12 U.S.C. § 1821(d)(13)(B)(i) (emphasis added). This provision, however, does not answer the question now before the court—i.e., whether the FDIC may remove an action to federal district court once a notice of appeal has been timely filed in state court.

This court approaches this question mindful of the First Circuit's observation that, "[i]n light of [FIRREA's] prolixity and lack of coherence, confusion over its proper interpretation is not only unsurprising—it is inevitable." *Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1151 (1st Cir.1992). The portion of FIRREA upon which the FDIC bases its petition for removal reads as follows:

> Except as provided in subparagraph (D), the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the

---

1. Under the applicable Massachusetts rule, the notice of appeal in a civil case must be filed with the clerk of the lower court within thirty days of the date of the entry of the judgment appealed from. *See* Mass.R.App.P. 4(a).

2. Ordinarily, of course, the right to remove a state court case to federal court is "clearly limited to defendants." *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir.1988) (citing 28 U.S.C. § 1441(a)). But given FIRREA's reference to the FDIC's substitution "as a *party*," 12 U.S.C. § 1819(b)(2)(B) (emphasis added), the fact that the FDIC is aligned as a plaintiff in this action does not, by itself, prevent it from seeking removal. *See Madison Bank v. Simpson*, 122 F.R.D. 547, 549 (E.D.Mo. 1988) (citations omitted).

end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.

12 U.S.C. § 1819(b)(2)(B).[3]

It does not appear that the First Circuit has had occasion to address directly the question of whether this provision authorizes the FDIC to remove a state court appellate proceeding to a federal district court. At first glance, its decision in *Putnam v. DeRosa*, 963 F.2d 480 (1st Cir. 1992), would seem to provide guidance. In *Putnam*, the court of appeals entertained an appeal by the National Credit Union Administration Board ("Board") from an adverse state court judgment. Noting that a federal court of appeals "normally do[es] not directly review a state trial court's decision," *id.* at 483, the court cited 12 U.S.C. § 1789(a)(2) as a "special statute" conferring upon the Board "the right to bring [its] appeal in federal court." *Id.*[4] It does not appear, however, that the Board's removal was preceded by the filing of a notice of appeal in state court. Accordingly, the court's parenthetical reference to 12 U.S.C. § 1819(b)(2) as a "statute similar to 12 U.S.C. § 1789," *id.*, is not dispositive of the issue presently before this court.

The Fifth Circuit seems to be the only court of appeals to have addressed the FDIC's authority to remove a state court appellate proceeding under FIRREA. In *In re Meyerland Co.*, 960 F.2d 512 (5th Cir.1992) (en banc) (7–5 decision), *cert. denied*, — U.S. —, 113 S.Ct. 967, 122 L.Ed.2d 123 (1993), the Fifth Circuit held that the language of 12 U.S.C. § 1819(b)(2)

allows such removal.[5] After considering the three opinions generated by that case,[6] this court agrees with the dissenting opinion of Chief Judge Politz and, therefore, is disinclined to accept "the major disruption of federal practices and procedures and the gross intrusion on the state judicial system," *id.* at 522 (Politz, C.J., dissenting), fostered by the Fifth Circuit majority's interpretation of FIRREA.

■ It is well established that a case removed from state court enters the federal system in the same posture in which it left the state system. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 435–36, 94 S.Ct. 1113, 1122, 39 L.Ed.2d 435 (1974) ("[P]roceedings had in state court shall have force and effect in federal court, so ... pleadings filed in state court ... need not be duplicated in federal court."). Absent specific language in FIRREA to the contrary, logic dictates that FDIC removals be governed by this same principle. *Woburn Five Cents Sav. Bank v. Robert M. Hicks, Inc.*, 930 F.2d 965, 968 (1st Cir. 1991). That being so, the present case arrives here in an appellate posture, given that defendants filed a timely notice of appeal in state court.

If FIRREA were read to authorize removal of defendants' appeal, this court would be faced with two options, neither of which fits neatly within the contours of its established jurisdiction. The first of these would entail exercising appellate jurisdiction and reviewing the state court's judgment on the merits. This court is not per-

---

**3.** By its terms, the exception of subparagraph (D) applies only to actions in which the FDIC "is a party *other than as a plaintiff*." 12 U.S.C. § 1819(b)(2)(D) (emphasis added). Accordingly, it is inapplicable here.

**4.** Strictly speaking, the Board did not bring its appeal *directly* to the court of appeals, as it first had to remove the state court action "to the United States *district court* for the district or division embracing the place where the same [was] pending." 12 U.S.C. § 1789(a)(2) (emphasis added).

**5.** Prior to *In re Meyerland Co.*, there had been some disagreement on this point among the

district courts of the Fifth Circuit. *Compare Resolution Trust Corp. v. Key*, 733 F.Supp. 1086, 1088 n. 2 (N.D.Tex.1990) (recognizing the right of the FDIC to remove a state court appeal) *with Federal Deposit Insurance Corp. v. Sellards*, 731 F.Supp. 1300, 1301 (N.D.Tex.1990) ("[R]emoval of a state court appeal to federal court runs contrary to ... the nature of our federalist system.").

**6.** Of the twelve judges who heard arguments in *In re Meyerland Co.*, six joined an opinion in support of removal, one concurred only in the majority holding, and the remaining five dissented for the reasons stated in the opinion of Chief Judge Politz.

suaded that the language of FIRREA confers upon federal district courts the extraordinary power to review state court decisions.[7] As the Supreme Court observed in 1970:

> While the lower federal courts were given certain powers in the [Judiciary Act of 1789], they were *not* given any power to review directly cases from state courts, and they have *not* been given such powers since that time. Only the Supreme Court was authorized to review on direct appeal the decisions of state courts.

*Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970) (emphasis added). *See* 28 U.S.C. § 1257 (defining the power of the United States Supreme Court to review final state court judgments).

If Congress had intended to confer such a power upon the federal district courts, it most assuredly would have done so explicitly. Even in contexts in which the concerns of comity and federalism are not implicated, grants of appellate jurisdiction to federal district courts are attended by some degree of specificity. *See, e.g.,* 28 U.S.C. § 158(a) (giving district courts appellate jurisdiction over orders of bankruptcy judges); 28 U.S.C. § 636(c)(4) (governing district court review of judgments of United States magistrates).

The second option following removal would be for this court to adopt the state court's judgment as its own, prepare the record, and forward the case to the court of appeals.[8] While such a clerical role may seem innocuous enough, it is far from certain that this court has jurisdiction to perform it. The filing of defendants' notice of appeal, which is deemed to have occurred in federal court, was "an event of *jurisdictional* significance—it confer[red] jurisdiction on the court of appeals and divest[ed] [this] court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam) (emphasis added).

It is true that, even when an appeal is pending from a final judgment, parties may file Rule 60(b) motions directly in the district court, without seeking prior leave from the court of appeals. *Puerto Rico v. SS Zoe Colocotroni,* 601 F.2d 39, 42 (1st Cir.1979), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981). The district court's authority to consider and deny (but not grant) such motions without obtaining leave from the court of appeals is "based on the district court's continuing jurisdiction during an appeal to act *in aid of the appeal.*" *Id.* at 41 (emphasis added).[9]

In the present case, however, defendants did not file any post-judgment motions, either here or in state court,[10] and the time in which to do so has all but passed. Barring exceptional circumstances apparently not present here, failure to file a Rule 60(b) motion within one year of judgment "is an absolute bar to relief from the judgment." *Gonzalez v. Walgreens Co.,* 918 F.2d 303, 305 (1st Cir.1990) (quoting *United States v. Marin,* 720 F.2d 229, 231 (1st Cir.1983) (per

---

7. The majority in *In re Meyerland Co.* did not address the "complex constitutional and jurisdictional issues" that would be raised by such an interpretation. 960 F.2d at 520. In Judge Duhé's words, "it is not necessary to force district courts into this [appellate] role." *Id.*

8. It is worth noting that if Congress had wanted state court appeals involving the FDIC to be heard in federal courts of appeals, it could have authorized removal directly to those courts, rather than limiting it to "the appropriate United States *district* court." 12 U.S.C. § 1819(b)(2)(B) (emphasis added).

9. A district court may also entertain post-judgment motions made pursuant to Rules 50(b), 52(b) or 59. But these motions, which must be filed not later than ten days after the entry of judgment, render ineffective any notice of appeal filed before their disposition. Fed.R.App.P. 4(a)(4).

10. Once a case has been removed to federal court, it is settled that federal rather than state law governs subsequent proceedings. *Granny Goose Foods,* 415 U.S. at 437, 94 S.Ct. at 1123. This point does not affect the present analysis, however, as the post-judgment motions available to defendants were the same under both state and federal law. The Massachusetts Rules of Civil Procedure are patterned after the Federal Rules, and are interpreted consistently with the construction given their federal counterparts. *Solimene v. B. Grauel & Co.,* 399 Mass. 790, 800, 507 N.E.2d 662, 668 (1987).

curiam)). Accordingly, post-judgment motions can no longer forestall the divestiture of this court's jurisdiction.

The majority in *In re Meyerland Co.* disposed of this jurisdictional issue by analogizing the "rubber-stamping" required by its holding to situations in which federal appellate courts remand cases to district courts with instructions to take a prescribed action. *See* 960 F.2d at 520 ("The district court's role in these remand situations is no less mechanical....."). But this analogy misses the point, for it is not the perfunctory nature of the district court's proposed role which makes it objectionable. There can be no question that a federal appellate court is constitutionally empowered to remand a case to a lower federal court with instructions to take prescribed action. In such an instance, presumably, federal court, jurisdiction would already have been established by the existence of an Article III case or controversy. But unlike the remand of a case from one court to another *within* the federal system, the arrival of a case from *outside* that system requires a jurisdictional inquiry that is both statutory and constitutional.

While this court is keenly aware of its "virtually unflagging obligation ... to exercise the jurisdiction given [it]," *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), it does not find in the language of FIRREA a statutory basis for removal under the circumstances of the present case. A contrary reading would raise constitutional questions best left for another day. *See Lyng v. Northwest Indian Cemetery Protective Ass'n,* 485 U.S. 439, 445, 108 S.Ct. 1319, 1323, 99 L.Ed.2d 534 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

This court recognizes that Congress, in enacting FIRREA, "expanded the FDIC's powers, and, in various ways, ... expanded federal jurisdiction." *Capizzi v. Federal Deposit Ins. Corp.,* 937 F.2d 8, 11 (1st

Cir.1991). In light of this policy, it may well be that Congress intended to draft FIRREA to allow removal of any action to which the FDIC is a party, regardless of its procedural posture in state court. But this court "cannot return this provision to Congress and respectfully request that body ... to define the jurisdiction of the lower courts with some particularity and not to leave these courts at large." *Textile Workers Union v. Lincoln Mills of Alabama,* 353 U.S. 448, 484, 77 S.Ct. 912, 935, 1 L.Ed.2d 972 (1957) (Frankfurter, J., dissenting).[11] Absent such recourse, the statute must be read as it is written. And as written, 12 U.S.C. § 1819(b)(2) does not authorize the FDIC to remove a state court appellate proceeding when relief from judgment under Rule 60 is no longer available.

In any event, requiring that this case be litigated fully in state court does not unduly compromise the FDIC's interest in developing and relying upon a national and uniform body of law. There has long been a presumption that state courts are as capable as federal courts of guaranteeing federal rights. *Bettencourt v. Board of Registration in Medicine,* 904 F.2d 772, 776 (1st Cir.1990); *see also Marcal Paper Mills, Inc. v. Ewing,* 790 F.2d 195, 196 (1st Cir. 1986) ("[C]onsiderations of comity and federalism ... counsel respect for both state enforcement of state laws and the ability of state courts to give proper attention to federal law defenses."). Moreover, the fact that removal under FIRREA is discretionary rather than mandatory indicates that Congress did not consider a federal forum imperative to achieve its aims. *Mill Investments, Inc. v. Brooks Woolen Co.,* 797 F.Supp. 49, 54 (D.Me.1992).

### III.

### CONCLUSION

For the foregoing reasons, this action will be remanded to state court.

---

11. *Cf. In re Meyerland Co.,* 960 F.2d at 522 (DeMoss, J., specially concurring) ("In the best of all worlds maybe Congress should have more

thoroughly reflected its intentions with companion amendments which would expressly solve the uncertainties raised by the dissent.").